# REMOVAL NOTICE EXHIBIT 1

**COVER SHEET**

E-FILED | 6/18/2025 8:55 AM
CC-28-2025-C-140
Mercer County Circuit Clerk
Julie Ball

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF MERCER COUNTY WEST VIRGINIA

**Violet Burdette v. MountainHeart Community Services, Inc.**

**First Plaintiff:** ☐ Business  ☑ Individual     **First Defendant:** ☑ Business  ☐ Individual
                 ☐ Government  ☐ Other                            ☐ Government  ☐ Other

**Judge:**    Mark Wills

## COMPLAINT INFORMATION

**Case Type:** Civil                    **Complaint Type:** Other

**Origin:**    ☑ Initial Filing    ☐ Appeal from Municipal Court   ☐ Appeal from Magistrate Court

**Jury Trial Requested:** ☑ Yes ☐ No    **Case will be ready for trial by:** 9/7/2026

**Mediation Requested:** ☑ Yes ☐ No

**Substantial Hardship Requested:** ☐ Yes ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

     ☐ Wheelchair accessible hearing room and other facilities

     ☐ Interpreter or other auxiliary aid for the hearing impaired

     ☐ Reader or other auxiliary aid for the visually impaired

     ☐ Spokesperson or other auxiliary aid for the speech impaired

     ☐ Other: _____

☐ I am proceeding without an attorney

☑ I have an attorney:    Hoyt Glazer, PO BOX 1638 , HUNTINGTON, WV 25717

## SERVED PARTIES

**Name:**  MountainHeart Community Services, Inc.

**Address:**  PO Box 1509, Oceana WV 24870

**Days to Answer:** 30          **Type of Service:**  Filer - Certified Mail

# SUMMONS

E-FILED | 6/18/2025 8:55 AM
CC-28-2025-C-140
Mercer County Circuit Clerk
Julie Ball

## IN THE CIRCUIT COURT OF MERCER COUNTY, WEST VIRGINIA
### Violet Burdette v. MountainHeart Community Services, Inc.

Service Type:    Filer - Certified Mail

NOTICE TO:    MountainHeart Community Services, Inc., PO Box 1509, Oceana, WV 24870

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Hoyt Glazer, PO BOX 1638, , HUNTINGTON, WV 25717

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 6/18/2025 8:55:57 AM | /s/ Julie Ball |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to _____ , someone who is eighteen (18) years of age or above and resides there.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

E-FILED | 6/18/2025 8:55 AM
CC-28-2025-C-140
Mercer County Circuit Clerk
Julie Ball

## IN THE CIRCUIT COURT OF MERCER COUNTY, WEST VIRGINIA
## AT PRINCETON

**VIOLET BURDETTE,**

      **Plaintiff,**

**v.**

**MOUNTAINHEART COMMUNITY
SERVICES, INC.**

      **Defendant.**

**Civil Action No.**

## COMPLAINT

This is an action under federal and West Virginia law to make whole and compensate the Plaintiff, Violet Burdette, for the unlawful actions and employment practices of the Defendant, MountainHeart Community Services, Inc. ["MountainHeart"]. After dedicating her service to MountainHeart for 15 years, Plaintiff contends the Defendant unlawfully terminated and discriminated against her in violation of the Family and Medical Leave Act of 1993 (FMLA), 29 USC §2601 *et seq.*, and the West Virginia Human Rights Act (WVHRA) (W. Va. Code §16B-17-1 *et seq.*). Ms. Burdette seeks all remedies available under these statutes and common law.

### PARTIES

1. Plaintiff, Violet Burdette, is and, at all times alleged, was a citizen and resident of Hinton, Summers County, West Virginia.

2. Defendant. MountainHeart, is a West Virginia corporation with its principal office in Oceana, Wyoming County, West Virginia doing business in Princeton, Mercer County, West Virginia.

3. At all times alleged, Defendant acted through its agents, employees, supervisors, directors, officers and assigns and within the full scope of agency, office, employment, or

1

assignment.

## JURISDICTION AND VENUE

4. This Court has jurisdiction and venue over this civil action under Article VIII, § 6 of the West Virginia Constitution and West Virginia Code § 56-1-1.

## ALLEGATIONS OF FACT

5. On October 16, 2009, the Defendant hired Ms. Burdette as its business development and funding specialist.

6. Over the next fifteen years, Ms. Burdette met or exceeded MountainHeart's reasonable expectations of her performance, and it advanced her from her initial position to a development specialist, and then its development director.

7. In January of 2025, Ms. Burdette completed her FMLA paperwork for her serious health conditions depression, anxiety, and bilateral knee problems[1].

8. When she completed her FMLA application, Ms. Burdette had never received any criticism, write-ups or discipline involving her duties except for an e-mail alleging her work was behind.

9. In March of 2025, shortly after she applied for FMLA benefits, the Defendant issued Ms. Burdette a written reprimand.

10. At no time following Ms. Burdette's application for FMLA benefits did the Defendant ever formally approve her application.

11. Ms. Burdette notified the Defendant that she had great difficulty making home visits to clients especially when their homes had steps or when her visits occurred during inclement weather.

---

[1] On July 21, 2025, Ms. Burdette is scheduled to undergo a bilateral knee replacement.

12. On April 1, 2025, the Defendant terminated Ms. Burdette because it claimed she had not properly documented her work.

13. Upon her termination, the Defendant owed her 80 hours of pay, but failed to tender her wages.

14. Since her termination, Ms. Burdette has been unable to find suitable gainful employment, and seeks damages for all losses resulting from her termination.

## COUNT I: FMLA INTERFERENCE

15. Plaintiff incorporates the previous paragraphs as if set forth herein.

16. When Plaintiff requested and/or required leave, she was qualified and eligible to take leave under the FMLA for her serious health condition(s), which included anxiety.

17. At all times alleged, Plaintiff had been employed by Defendant longer than twelve (12) months and had worked at least twelve hundred fifty (1250) hours of service for Defendant over her past year (12 months) of employment, which rendered her eligible and qualified for FMLA notice and leave.

18. Defendant is and was a covered employer under the FMLA, and employs 50 (fifty) or more employees at or within 75 miles of the location where Plaintiff was employed.

19. The Defendant knew Plaintiff required FMLA for her serious health condition but failed to provide her with required notice of her FMLA responsibilities.

20. Defendant's above actions, especially her termination, constitute an interference with Plaintiff's exercise and use of her rights under the FMLA because Defendant unreasonably discouraged and prevented Plaintiff from exercising her right to FMLA leave. This prejudiced Plaintiff because numerous of her absences that the FMLA covered did not receive protection.

3

21. The Defendant's actions discouraged Plaintiff from taking her full FMLA leave and resulted in prejudice to Plaintiff and impairment of her exercise of FMLA before Defendant terminated her.

22. Defendant's actions against Plaintiff were reckless and in deliberate disregard of Plaintiff's rights under the FMLA including, but not limited to, her right to protected leave to care for her serious health conditions.

23. In failing to provide Plaintiff with notice of her FMLA rights and formally approve her application for FMLA, Defendant interfered with and violated Plaintiff's rights under the FMLA, and Plaintiff seeks all appropriate damages as requested in her prayer for relief.

## COUNT II: RETALIATION FOR EXERCISING RIGHTS AND ENGAGING IN PROTECTED CONDUCT UNDER THE FAMILY AND MEDICAL LEAVE ACT

24. Plaintiff incorporates the previous paragraphs as if set forth herein.

25. In seeking and/or providing sufficient information to the Defendant that she required FMLA leave, Plaintiff engaged in conduct protected under the FMLA that entitles her to all relief under the FMLA statute.

26. Plaintiff's eligibility for and entitlement to FMLA leave was a motivating factor in Defendant's decision to take adverse action against her.

27. In taking the above-described adverse actions against Plaintiff, Defendant retaliated against Plaintiff based on her eligibility and need for FMLA benefits.

28. Defendant's termination of Plaintiff was in bad faith, malicious, reckless and purposefully indifferent to Plaintiff's rights under the FMLA and its obligation to provide her with FMLA notice.

29. Any reason provided by the Defendant as alleged grounds for Plaintiff's discharge constitutes unlawful pretext for the real reason for Plaintiff's discharge—her eligibility and

4

right to receive protected FMLA leave for her serious health conditions.

30. As a result of Defendant's retaliation against her, Plaintiff has suffered monetary damages, which she seeks relief for as requested in the prayer.

## COUNT III: DISABILITY DISCRIMINATION

31. Plaintiff incorporates the previous paragraphs as if set forth herein.

32. Plaintiff is a qualified person with a disability under the West Virginia Human Rights Act (W. Va. Code §16B-17-9).

33. During the last several years of her employment, Plaintiff had anxiety and serious health conditions that substantially limited certain major life activities including, but not limited to, working.

34. Alternatively, Defendant and its agents regarded Plaintiff as having an impairment that substantially limited one or more of her major life activities.

35. At all times alleged, Plaintiff is and was qualified for the original job she held with the Defendant because Plaintiff satisfied the skill, experience, and other job-related requirements for the position she held, and she was and is able to perform the essential functions of her job, with or without reasonable accommodation.

36. Defendant took adverse action against Plaintiff when it terminated her.

37. Plaintiff's status as a person with a disability was a motivating factor in Defendant's decision to take the above-referenced adverse action against her.

38. Any reason alleged by Defendant for its above-referenced, adverse actions against Plaintiff, is pretext for the real reason, namely, the intentional discrimination by Defendant against the Plaintiff based on her status as a person with a disability.

39. As a direct and/or proximate result of the intentional discriminatory acts and practices of

5

Defendant, the Plaintiff has suffered and continues to suffer injury including, but not limited to, past and future loss of income and other benefits of employment, pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, and damage to her reputation, as well as other past and future pecuniary losses.

40. Defendant knew or reasonably should have known that its actions against Plaintiff were false, wanton, willful, malicious, and intended to harm her and were indifferent to Plaintiff's rights under the West Virginia Human Rights Act. Wherefore, Plaintiff requests punitive damages and the relief as set forth below.

### COUNT IV: AGE DISCRIMINATION

41. Plaintiff incorporates the previous paragraphs here.

42. Ms. Burdette was born on December 9, 1961.

43. Plaintiff is a qualified person over the age of 40, and, as such, is in a protected class under the West Virginia Human Rights Act (W. Va. Code §16B-17-9).

44. On information and belief, the Defendant treated persons younger than Plaintiff or under the age of 40 more favorably than her in the conditions and terms of their employment.

45. Defendant took adverse action against Plaintiff when it terminated her.

46. Plaintiff's status as a person over the age forty was a motivating factor in Defendant's decision to take the above-referenced adverse action against her.

47. Any reason alleged by Defendant for its above-referenced, adverse action against Plaintiff, is pretext for the real reason, namely, the intentional discrimination by Defendant against the Plaintiff based on her status as a person over the age of 40.

48. As a direct and/or proximate result of the intentional discriminatory acts and practices of Defendant, the Plaintiff has suffered and continues to suffer injury including, but not

6

limited to, past and future loss of income and other benefits of employment, pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, and damage to his reputation, as well as other past and future pecuniary losses.

49. Defendant knew or reasonably should have known that its actions against Plaintiff were false, wanton, willful, malicious, and intended to harm her and were indifferent to Plaintiff's rights under the West Virginia Human Rights Act. Wherefore, Plaintiff requests punitive damages and the relief as set forth below.

## COUNT V: WAGE PAYMENT VIOLATION

50. Plaintiff incorporates the previous paragraphs as if set forth herein.

51. West Virginia Code §21-5-1(c) defines "wages" as "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission or other basis of calculation...."

52. West Virginia Code §21-5-3(a) mandates that an employer "shall settle with its employees at least once every two weeks, unless otherwise provided by special agreement, and pay them the wages due... for their work or services."

53. The Defendant has not timely paid Ms. Burdette all due earned wages as required by our state's wage payment and collection act.

54. The Defendant is liable to Ms. Burdette for the amount of her unpaid wages plus twice said amount as liquidated damages. See, West Virginia Code § 21-5-4(e).

55. Wherefore, Plaintiff requests damages for her wage payment claim in the amount allowed by statute plus reasonable attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment as follows:

On Counts I and II, grant Plaintiff back wages, liquidated damages, reinstatement and/or front pay, the costs of litigation, including court costs, expert witness fees, reasonable attorney fees, and all other relief available under the FMLA;

On Counts III, IV and V, grant Plaintiff actual damages for lost wages, front pay, back pay, fringe benefits and other actual damages according to the evidence and as determined by a jury;

On Counts III, IV and V, grant Plaintiff general and compensatory damages for annoyance, inconvenience, embarrassment, humiliation and emotional distress suffered by Plaintiff as a direct and/or proximate result of Defendant's conduct;

On Counts III, IV and V, grant Plaintiff punitive damages in an amount to be determined by a jury and sufficient to deter future improper conduct and to punish the Defendant for its reckless and willful actions;

Prejudgment and post-judgment interest on all amounts allowed by law;

All costs incurred in pursuing this action;

Attorney fees; and

Such other relief as this Court deems fair and proper in the interest of justice.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES.**

PLAINTIFF, VIOLET BURDETTE
By Counsel,

s/Hoyt Glazer
Hoyt Glazer, Esq. (WV Bar No. 6479)
GLAZER SAAD ANDERSON L.C.
320 Ninth Street, Suite B
Huntington, WV 25701
T. 304 522-4149
hoyt@gsalaw-wv.com

8

E-FILED | 6/30/2025 2:04 PM
CC-28-2025-C-140
Mercer County Circuit Clerk
Julie Ball



 West Virginia E-Filing Notice

CC-28-2025-C-140

Judge: Mark Wills

**To:**   Jared Underwood
           junderwood@pffwv.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF MERCER COUNTY, WEST VIRGINIA
Violet Burdette v. MountainHeart Community Services, Inc.
CC-28-2025-C-140

The following answer was FILED on 7/17/2025 12:53:28 PM

Notice Date:     7/17/2025 12:53:28 PM

Julie Ball
CLERK OF THE CIRCUIT COURT
Mercer County
1501 W. Main Street, Suite 111
PRINCETON, WV 24740

(304) 487-8371
Julie.Ball@courtswv.gov

# COVER SHEET

E-FILED | 7/17/2025 12:53 PM
CC-28-2025-C-140
Mercer County Circuit Clerk
Julie Ball

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF MERCER COUNTY WEST VIRGINIA

**Violet Burdette v. MountainHeart Community Services, Inc.**

**First Plaintiff:**
☐ Business ☑ Individual
☐ Government ☐ Other

**First Defendant:**
☑ Business ☐ Individual
☐ Government ☐ Other

**Judge:** Mark Wills

## COMPLAINT INFORMATION

**Case Type:** Civil                **Complaint Type:** Other

**Origin:** ☑ Initial Filing   ☐ Appeal from Municipal Court   ☐ Appeal from Magistrate Court

**Jury Trial Requested:** ☑ Yes ☐ No    **Case will be ready for trial by:** 7/13/2026

**Mediation Requested:** ☑ Yes ☐ No

**Substantial Hardship Requested:** ☐ Yes ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

　　☐ Wheelchair accessible hearing room and other facilities

　　☐ Interpreter or other auxiliary aid for the hearing impaired

　　☐ Reader or other auxiliary aid for the visually impaired

　　☐ Spokesperson or other auxiliary aid for the speech impaired

　　☐ Other: _____

☐ I am proceeding without an attorney

☑ I have an attorney:   Jared Underwood, 252 George Street , Beckley, WV 25801

# SERVED PARTIES

E-FILED | 7/17/2025 12:53 PM
CC-28-2025-C-140
Mercer County Circuit Clerk
Julie Ball

IN THE CIRCUIT COURT OF MERCER COUNTY, WEST VIRGINIA

VIOLET BURDETTE,

     Plaintiff,

vs.                                   CIVIL ACTIO NO. 25-C-140

MOUNTAINHEART COMMUNITY
SERVICES, INC.,

     Defendant.

### DEFENDANT MOUNTAINHEART COMMUNITY SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW the Defendant, MountainHeart Community Services, Inc., by and through counsel, Chip E. Williams and Jared C. Underwood of the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, and for its Answer to the Plaintiff's Complaint states as follows:

### COMPLAINT

This Defendant states that the matters asserted in this unnumbered Paragraph of the Plaintiff's Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

### PARTIES

1.     This Defendant is informed, and upon such information believes, that the statement and allegations contained in numbered Paragraph 1 of the Plaintiff's Complaint are true, and admits the same upon such information and belief.

2.     This Defendant admits the statements and allegations contained in numbered Paragraph 2 of the Plaintiff's Complaint.

3.    This Defendant admits the statements and allegations contained in numbered Paragraph 3 of the Plaintiff's Complaint.

## JURISDICTION AND VENUE

4.    This Defendant states that the matters asserted in numbered Paragraph 4 of the Plaintiff's Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

## ALLEGATIONS OF FACT

5.    This Defendant admits that it hired the Plaintiff on October 19, 2006, as its Business Development and Funding Specialist.

6.    This Defendant admits that Plaintiff, during her time of employment., did become its Medicare Waiver Director.  This Defendant denies the remaining allegations contained in numbered Paragraph 6 of the Plaintiff's Complaint.

7.    This Defendant admits that in January 2025 Plaintiff did complete and submit FMLA paperwork.

8.    This Defendant denies the statements and allegations contained in numbered Paragraph 8 of the Plaintiff's Complaint.

9.    This Defendant admits that in March of 2025, it did issue Plaintiff a written reprimand and put her on an improvement plan.

10.    This Defendant admits the statements and allegations contained in numbered Paragraph 10 of the Plaintiff's Complaint.

11.    This Defendant denies the statements and allegations contained in numbered Paragraph 11 of the Plaintiff's Complaint.

12.     This Defendant admits that it did terminate Plaintiff's employment on April 1, 2025, for not properly documenting her work and for HIPAA violations.

13.     This Defendant denies the statements and allegations contained in numbered Paragraph 13 of the Plaintiff's Complaint.

14.     This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in numbered Paragraph 14 of the Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

## COUNT I. FMLA INTERFERENCE

15.     This Defendant hereby incorporates its responses to all previous allegations in response to numbered Paragraphs 1 through 14 of the Plaintiff's Complaint.

16.     This Defendant states that the matters asserted in numbered Paragraph 16 of the Plaintiff's Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

17.     With regard to numbered Paragraph 17 of the Plaintiff's Complaint, this Defendant admits that the Plaintiff has been employed by the Defendant longer than twelve (12) months and had worked at least twelve hundred fifty (1250) hours of service for Defendant over her past year (12) months of employment.  In regard to the remaining allegations contained in Paragraph 17 of the Plaintiff's Complaint,  this Defendant states that the matters asserted represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

18. This Defendant admits the statements and allegations contained in numbered Paragraph 18 of the Plaintiff's Complaint.

19. This Defendant admits the statements and allegations contained in numbered Paragraph 19 of the Plaintiff's Complaint.

20. This Defendant denies the statements and allegations contained in numbered Paragraph 20 of the Plaintiff's Complaint.

21. This Defendant denies the statements and allegations contained in numbered Paragraph 21 of the Plaintiff's Complaint.

22. This Defendant denies the statements and allegations contained in numbered Paragraph 22 of the Plaintiff's Complaint.

23. This Defendant denies the statements and allegations contained in numbered Paragraph 23 of the Plaintiff's Complaint.

## COUNT II.  RETALIATION FOR EXERCISING RIGHTS AND ENGAGING IN PROTECTED CONDUCT UNDER THE FAMILY MEDICAL LEAVE ACT

24. This Defendant hereby incorporates its responses to all previous allegations in response to numbered Paragraphs 1 through 23 of the Plaintiff's Complaint.

25. This Defendant states that the matters asserted in numbered Paragraph 25 of the Plaintiff's Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

26. This Defendant denies the statements and allegations contained in numbered Paragraph 26 of the Plaintiff's Complaint.

27. This Defendant denies the statements and allegations contained in numbered Paragraph 27 of the Plaintiff's Complaint.

28.     This Defendant denies the statements and allegations contained in numbered Paragraph 28 of the Plaintiff's Complaint.

29.     This Defendant denies the statements and allegations contained in numbered Paragraph 29 of the Plaintiff's Complaint.

30.     This Defendant denies the statements and allegations contained in numbered Paragraph 30 of the Plaintiff's Complaint.

## COUNT III.  DISABILITY DISCRIMINATION

31.     This Defendant hereby incorporates its responses to all previous allegations in response to numbered Paragraphs 1 through 30 of the Plaintiff's Complaint.

32.     This Defendant states that the matters asserted in numbered Paragraph 32 of the Plaintiff's Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

33.     This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in numbered Paragraph 33 of the Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

34.     This Defendant denies the statements and allegations contained in numbered Paragraph 34 of the Plaintiff's Complaint.

35.     This Defendant admits that Plaintiff is and was qualified for her original job and for the job she held when terminated, because she satisfied the skill and experience for the job. This Defendant denies that Plaintiff completed all job-related functions and requirements as there is substantial history of her failing to complete required paperwork.  This Defendant is not

informed and denies the remaining allegations in numbered Paragraph 35 of the Plaintiff's Complaint.

36.    This Defendant states that the matters asserted in numbered Paragraph 36 of the Plaintiff's Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

37.    This Defendant denies the statements and allegations contained in numbered Paragraph 37 of the Plaintiff's Complaint.

38.    This Defendant denies the statements and allegations contained in numbered Paragraph 38 of the Plaintiff's Complaint.

39.    This Defendant denies the statements and allegations contained in numbered Paragraph 39 of the Plaintiff's Complaint.

40.    This Defendant denies the statements and allegations contained in numbered Paragraph 40 of the Plaintiff's Complaint.

## COUNT IV: AGE DISCRIMINATION

41.    This Defendant hereby incorporates its responses to all previous allegations in response to numbered Paragraphs 1 through 40 of the Plaintiff's Complaint.

42.    This Defendant is informed, and upon such information believes, that the statement and allegations contained in numbered Paragraph 42 of the Plaintiff's Complaint are true, and admits the same upon such information and belief.

43.    This Defendant states that the matters asserted in numbered Paragraph 43 of the Plaintiff's Complaint represent legal conclusions, rather than allegations of fact, and therefore do

not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

44. This Defendant denies the statements and allegations contained in numbered Paragraph 44 of the Plaintiff's Complaint.

45. This Defendant states that the matters asserted in numbered Paragraph 45 of the Plaintiff's Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

46. This Defendant denies the statements and allegations contained in numbered Paragraph 46 of the Plaintiff's Complaint.

47. This Defendant denies the statements and allegations contained in numbered Paragraph 47 of the Plaintiff's Complaint.

48. This Defendant denies the statements and allegations contained in numbered Paragraph 48 of the Plaintiff's Complaint.

49. This Defendant denies the statements and allegations contained in numbered Paragraph 49 of the Plaintiff's Complaint.

### COUNT V: WAGE PAYMENT VIOLATION

50. This Defendant hereby incorporates its responses to all previous allegations in response to numbered Paragraphs 1 through 49 of the Plaintiff's Complaint.

51. This Defendant states that the matters asserted in numbered Paragraph 51 of the Plaintiff's Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

52.    This Defendant states that the matters asserted in numbered Paragraph 52 of the Plaintiff's Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

53.    This Defendant denies the statements and allegations contained in numbered Paragraph 53 of the Plaintiff's Complaint.

54.    This Defendant denies the statements and allegations contained in numbered Paragraph 54 of the Plaintiff's Complaint.

55.    This Defendant denies the statements and allegations contained in numbered Paragraph 55 of the Plaintiff's Complaint.

56.    This Defendant denies any factual allegation contained in the Plaintiff's Complaint not specifically admitted herein.

57.    This Defendant denies that the Plaintiff is entitled to any damages stated in the wherefore clause of Plaintiff's Complaint, or any subparagraph of the Plaintiff's Complaint and demands strict proof thereof.

58.    This Defendant demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

This Defendant states that the Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

For a second separate and distinct defense, to the extent any of the following affirmative defenses are applicable, based upon the evidence adduced in this matter, this Defendant asserts the

following defenses of contributory negligence, comparative negligence, assumption of risk, waiver, estoppel, latches, release, res judicata, collateral estoppel, expiration of the statute of limitations, lack of personal jurisdiction and any other matter constituting an avoidance or affirmative defense.

### THIRD DEFENSE

This Defendant affirmatively states that it did not fail to pay the Plaintiff any vested wage within the prescribed time period as set forth in WV Code § 21-5-4.

### FOURTH DEFENSE

This Defendant reserves the right to assert, in whole, or part, the doctrine of after-acquired evidence.

### FIFTH DEFENSE

This Defendant denies that it acted in violation of the Plaintiff's rights and further deny that it acted willfully or unlawfully.

### SIXTH DEFENSE

This Defendant further raises and preserves each and every defense, or matter constituting an avoidance of liability, as contained or described in Rules 8, 9 and 12 of *The West Virginia Rules of Civil Procedure* or *The Federal Rules of Civil Procedure*, to the fullest extent that the same may be revealed as applicable following investigation and discovery.

### SEVENTH DEFENSE

This Defendant hereby raises and preserves the defenses of improper venue and lack of personal or subject matter jurisdiction, to the extent that any of these defenses may appear applicable following discovery.

## EIGHTH DEFENSE

This Defendant hereby raises and preserves the affirmative defenses of insufficient process and of improper service of process by the Plaintiff, to the extent that any of these defenses may appear applicable following discovery.

## NINTH DEFENSE

This Defendant hereby raises and preserves any immunities that are granted to them by the West Virginia Constitution, statutes, regulations and common law of the State of West Virginia and the United States of America.

## TENTH DEFENSE

This Defendant hereby raises and preserves the defenses of laches, waiver, *res judicata*, accord and satisfaction, and the applicable statutes of limitations and repose, to the extent that such defenses may appear applicable following discovery.

## ELEVENTH DEFENSE

This Defendant did not implement, condone, ratify, or participate in a policy that was violative of, or may have foreseeably resulted in a violation of, Plaintiff's rights guaranteed under the United States Constitution, the West Virginia Constitution, the West Virginia Human Rights Act federal laws, or state laws.

## TWELFTH DEFENSE

This Defendant affirmatively states that Plaintiff's claim for punitive damages seeks to impose an excessive fine within the meaning of the Excessive Fines Clause of the Eighth Amendment to the Constitution of the United States.

## THIRTEENTH DEFENSE

This Defendant affirmatively states that any employment decision concerning the Plaintiff was made for a legitimate non-discriminatory and non-retaliatory reason.

## FOURTEENTH DEFENSE

This Defendant reserves the right to file additional affirmative defenses, counterclaims and/or third-party claims if a sufficient factual basis therefore is developed through continuing investigation and discovery.

**WHEREFORE**, the Defendant, MountainHeart Community Services, Inc., prays that this Honorable Court dismiss the Plaintiff's Complaint with prejudice and that it be awarded all attorneys' fees, costs, and expenses incurred as a result of the defense of this action, as well as any other and further relief deemed proper by this Honorable Court.

**MOUNTAINHEART COMMUNITY SERVICES, INC.**
**By Counsel**,

*/s/ Jared C. Underwood*
Chip E. Williams, WV State Bar No. 8116
Jared C. Underwood, WV State Bar No. 12141

*PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC*
252 George Street
Beckley, WV 25801
Telephone:     (304) 254-9300
Facsimile:     (304) 255-5519

IN THE CIRCUIT COURT OF MERCER COUNTY, WEST VIRGINIA

VIOLET BURDETTE,

     Plaintiff,

vs.                            CIVIL ACTIO NO. 25-C-140

MOUNTAINHEART COMMUNITY
SERVICES, INC.,

     Defendant.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, counsel of record for Defendant, does hereby certify on this 17th day of July 2025, that a true copy of the foregoing "***DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT***" was served upon opposing counsel by West Virginia e-filing:

Hoyt Glazer, Esquire
**GLAZER SAAD ANDERSON, L.C.**
320 Ninth Street, Suite B
Huntington, West Virginia 25701

                                   */s/ **Jared C. Underwood***
                                   Chip E. Williams, WV State Bar No. 8116
                                   Jared C. Underwood, WV State Bar No. 12141

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***
252 George Street
Beckley, WV 25801
Telephone:    (304) 254-9300
Facsimile:    (304) 255-5519